2011R00161/SBM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 13-344 (AET) |
| | : | |
| | : | |
| v. | : | |
| | : | 18 U.S.C. § 1347 |
| | : | 18 U.S.C. § 1035 |
| BADAWY M. BADAWY | : | 18 U.S.C. § 2 |

**I N D I C T M E N T**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

**COUNT ONE**
**(Health Care Fraud)**

1.  At various times relevant to this Indictment:

**The Defendant**

  a.  The defendant, BADAWY M. BADAWY, M.D. ("defendant BADAWY"), resided in Bayonne, New Jersey and was a licensed pediatrician. Defendant BADAWY operated Sinai Medical Center of Jersey City, LLC, a medical practice focusing primarily on pediatrics and family medicine.

**RECEIVED**

**MAY 13 2013**

AT 8:30_____M
WILLIAM T. WALSH, CLERK

**Medicaid**

b. The Medicaid Program ("Medicaid") was a jointly funded, federal-state health insurance program that provided certain health benefits to the disabled, as well as to individuals and families with low incomes and resources. The federal government provided matching funds to Medicaid and ensured that states complied with minimum standards in the administration of the program.

c. In New Jersey, Medicaid was administered by the New Jersey Department of Human Services. Medicaid recipients were required to select a State-approved health maintenance organization for the provision of their health care services.

d. AmeriChoice of New Jersey, Inc. ("AmeriChoice"), a business of UnitedHealth Group, was a New Jersey managed care organization ("MCO") that provided insurance services to many of New Jersey's Medicaid recipients. Medicaid patients enrolled in AmeriChoice, which managed their health care using Medicaid funds. Accordingly, AmeriChoice was a health care plan, affecting commerce, under which medical benefits, items, and services were provided to individuals.

e. Centene Corp. ("Centene") and Horizon NJ Health were and/or operated MCOs that provided insurance services to many of New Jersey's Medicaid recipients. These MCOs were health care plans, affecting commerce, under which medical benefits, items, and services were provided to individuals.

**Current Procedural Terminology ("CPT") Codes**

   f.  The American Medical Association maintained a set of procedural billing codes called Current Procedural Terminology ("CPT") codes. These CPT codes described medical, surgical, and diagnostic services, and they were designed to communicate uniform information about medical services and procedures for members of the health care industry, including payers for medical services, such as AmeriChoice. The Centers for Medicare and Medicaid Services and HIPAA mandated use of these CPT codes for purposes of billing.

   g.  "CPT 12018" was the CPT code used to bill a procedure described as a repair of superficial wounds to the face, ears, eyelids, nose, or lips. This CPT code involved wounds over 30 centimeters in size.

   h.  "CPT 12020" was the CPT code used to bill a procedure described as a treatment of a superficial wound dehiscence (i.e., the reopening of a previously closed wound) by a simple closure.

   i.  "CPT 12021" was the CPT code used to bill a procedure described as a treatment of a superficial wound dehiscence by a simple closure with packing.

   j.  By their terms, CPT codes 12018, 12020, and 12021 (the "Wound Repair Codes") were to be used "to designate wound closure utilizing sutures, staples, or tissue adhesives . .

. either singly or in combination with each other, or in combination with adhesive strips."

### The Scheme to Defraud

2. From at least as early as in or about January, 2004, until in or about December, 2008, in Hudson County, in the District of New Jersey, and elsewhere, the defendant,

BADAWY M. BADAWY,

did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, which scheme and artifice was in substance as set forth below.

### Object

3. The object of the scheme was for defendant BADAWY to enrich himself by billing AmeriChoice, Centene, Horizon NJ Health, and others for wound repairs that were never rendered.

## Manner and Means

4. It was part of the scheme and artifice to defraud that defendant BADAWY submitted claims under the Wound Repair Codes to Medicaid MCOs for services that were not rendered.

5. It was a further part of the scheme and artifice to defraud that defendant BADAWY submitted claims under the Wound Repair Codes to Medicaid MCOs for multiple wound repairs supposedly performed on each child of a family with multiple children, which services were not in fact rendered.

All in violation of Title 18, United States Code, Section 1347 and Section 2.

## COUNTS TWO THROUGH FIVE
### (False Statements Relating to Health Care Matter)

1. The allegations set forth in paragraphs 1 and 3 through 5 of Count One of this Indictment are re-alleged and incorporated herein.

2. On or about the dates enumerated below as to each Count, in Hudson County, in the District of New Jersey, and elsewhere, the defendant,

BADAWY M. BADAWY,

in a matter involving a health care benefit program, did knowingly and willfully falsify, conceal, and cover up by a trick, scheme, and device a material fact, and did make a materially false, fictitious, and fraudulent statement and representation, and did make and use a materially false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items, and services, as follows:

| Count | Date | Defendant's Billing to Medicaid MCO | Fraudulent Representation |
|---|---|---|---|
| 2 | 5/13/08 | CPT 12021 wound-repair procedure for patient S.H. | CPT 12021 wound-repair procedure performed for S.H. when procedure was not in fact performed |
| 3 | 7/14/08 | CPT 12021 wound-repair procedure for patient O.S. | CPT 12021 wound-repair procedure performed for O.S. when procedure was not in fact performed |
| 4 | 10/31/08 | CPT 12021 wound-repair procedure for patient A.N. | CPT 12021 wound-repair procedure performed for A.N. when procedure was not in fact performed |
| 5 | 11/28/08 | CPT 12021 wound-repair procedure for patient N.E. | CPT 12021 wound-repair procedure performed for N.E. when procedure was not in fact performed |

All in violation of Title 18, United States Code, Section 1035 and Section 2.

A TRUE BILL

PAUL J. FISHMAN
United States Attorney

- 7 -

CASE NUMBER: 13-344(AET)

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**BADAWY M. BADAWY**

## INDICTMENT FOR

18 U.S.C. § 1347
18 U.S.C. § 1035
18 U.S.C. § 2

**PAUL J. FISHMAN**
UNITED STATES ATTORNEY, NEWARK, NEW JERSEY

SCOTT B. MCBRIDE
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-2708